```
UNITED STATE DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GREGORY SUNDAHL, individually and
JESSE SUNDAHL, individually and on
behalf of all others similarly
situated,
                Plaintiffs,
                                          MEMORANDUM & ORDER
        -against-                         08-CV-1342(JS)(WDW)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an ILLINOIS
Corporation, PREFERRED CONSULTING
SERVICES, INC., a New York
Corporation, HOOPER EVALUATIONS,
INC. a/k/a D&D-HOOPER EVALUATIONS,
a New York Corporation, JOHN AND JANE
DOES, ABC CORPORATIONS, and OTHER
UNKNOWN ENTITIES,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:         Bruce S. Rosenberg, Esq.
                        H. Alexis Rosenberg, Esq.
                        Rosenberg Law, P.C.
                        2631 Merrick Road, Suite 301
                        Bellmore, NY 11710

For Defendants:
State Farm              Sheila Birnbarum, Esq.
                        Bert Laurence Wolff, Esq.
                        Skadden, Arps, Slate, Meagher & Flom, LLP
                        Four Times Square
                        New York, NY 10036

                        Evan H. Krinick, Esq.
                        Barry I. Levy, Esq.
                        Rivkin Radler, LLP
                        926 Rexcorp Plaza
                        Uniondale, NY 11556

Hooper Evaluations      John P. Campbell, Esq.
                        Schenck, Price, Smith & King, LLP
                        116 West 23rd Street, Suite 500
                        New York, NY 10011

                                1
```

```
Preferred Consulting        Robert J. Hindman, Esq.
                            Ahmuty, Demers & McManus, Esqs.
                            750 Roanoke Avenue
                            Riverhead, NY 11901
```

SEYBERT, District Judge:

On March 31, 2009, this Court issued an Order dismissing Plaintiffs' Complaint ("March 2009 Order"). On April 22, 2009, Plaintiffs moved for reconsideration or, in the alternative, leave to amend the Complaint (Docket No. 36). Then, on May 8, 2009, Plaintiffs appealed the March 2009 Order to the Second Circuit, depriving the Court of jurisdiction to rule on Plaintiffs' pending motion. On June 10, 2010, the Second Circuit dismissed Plaintiffs' appeal. With jurisdiction restored, the Court now: (1) DENIES Plaintiffs' motion for reconsideration; and (2) DENIES Plaintiffs' leave to amend their complaint.

### BACKGROUND

Plaintiff Gregory Sundahl purchased an automobile insurance policy from State Farm Automobile Insurance Company ("State Farm"). Defendants Preferred Consulting Services ("Preferred") and Hooper Evaluations, Inc., a/k/a D&D Hooper-Evaluation ("D&D") conduct medical examinations of State Farm's eligible insured persons.

On January 9, 2006, Plaintiffs, Gregory and Jesse Sundahl, were involved in an automobile accident. Following the

2

accident, Plaintiffs applied to State Farm for economic loss benefits under Gregory's policy. On or about April 7, 2006, May 5, 2006, June 1, 2006, and June, 9, 2006 Preferred sent letters to Gregory Sundahl, on State Farm's behalf, informing him that he must attend seven independent medical examinations ("IMEs") with healthcare providers chosen by Preferred. On or about December 18, 2006, State Farm requested Hooper Evaluations, Inc., a/k/a D&D Hooper-Evaluation ("D&D"), to send a similar letter to Jesse Sundahl.

Plaintiffs attended the medical examinations. As a result of the medical examiners' findings, State Farm denied the Plaintiffs' economic loss claim. Plaintiffs allege that the examinations were fraudulent and maintain that the healthcare providers submitted materially false reports to Defendants to enable State Farm to reduce or deny Plaintiffs' claim. In addition, Plaintiffs allege that State Farm, acting through Preferred and D&D, engaged in a pattern of racketeering that includes over fifty predicate acts that directly affect the named Plaintiffs and possibly over one hundred other similarly situated individuals. Plaintiffs specifically allege that Defendants engaged in mail and wire fraud in order to systematically and fraudulently ensure denial of eligible insureds' claims.

Plaintiffs' Complaint alleges violations of Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et seq., as well as state law claims of fraud, misrepresentation, and deceit, breach of covenants of good faith and fair dealing, breach of contract, and unjust enrichment, against State Farm, Preferred, D&D, John and Jane Does, ABC Corporations, and other entities. In its March 2009 Order, the Court granted Defendants' motions to dismiss. The Court dismissed the RICO and fraud claims with prejudice, and the remaining claims without prejudice. On April 22, 2009, Plaintiffs moved for reconsideration or, in the alternative, leave to amend.

## DISCUSSION

### I. Plaintiffs' Motion for Reconsideration

#### A. Standard of Review

Plaintiffs do not specify whether they seek reconsideration and/or relief from judgment under Federal Rule of Civil Procedure 59(e), 60(b), or Local Rule 6.3. But, regardless of how the Court construes Plaintiffs' motion, the standards are the same. See Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 03-CV-8363, 2004 WL 626180, at *1 (S.D.N.Y. 2004).

The standard for a motion for reconsideration is strict; indeed, "reconsideration will generally be denied unless

4

the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is not a proper tool to repackage and relitigate arguments and issues that were already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court. Gross, 2002 WL 32096592, at *4.

    B.   Application to Plaintiffs' Motion

Plaintiffs do not identify any data or controlling decisions that this Court overlooked. Rather, Plaintiffs principally argue that the Court erred in failing to accept the Complaint's factual allegations as true, which led the Court to dismissing each count in the Complaint. (Mot. Recon. p. 9). Plaintiffs are wrong. The Court accepted all factual allegations as true. See March 2009 Order at 6. What the Court did not accept as true were Plaintiffs' conclusory allegations,

5

particularly Plaintiffs' conclusory allegations of fraud that did not comport with F‍ED. R. C‍IV. P. 9(b). Among other things, Plaintiffs alleged, in a wholly conclusory fashion, that Defendants orchestrated a scheme to manufacture "false," "fraudulent" or "scientifically dishonest" medical reports. But Plaintiffs pled no facts to explain how or why these medical reports were allegedly "false," "fraudulent," or "scientifically inaccurate." See generally Compl.

Plaintiffs' motion for reconsideration simply repeats this error. In seeking reconsideration, Plaintiffs apparently assume that conclusory, non-specific allegations can satisfy their pleading burden if they repeat them many, many times. They are wrong. Despite lengthy references to numerous paragraphs in the Complaint, Plaintiffs' reconsideration motion identifies no well-pled factual allegations that the Court overlooked. Nor do Plaintiffs point to any controlling law that the Court overlooked, or intervening change in the law that the Court should consider. And, consequently, Plaintiffs provide the Court with nothing that would justify reconsidering the March 2009 Order.

Plaintiffs also argue that the Court erred in holding that: (1) State Farm's use of the term "Independent Medical Examination" was not fraudulent (Pl. Reconsideration Br. at 10); (2) New York does not recognize good faith and fair dealing "as

6

a separate Tort action" (Pl. Reconsideration Br. at 12); and (3) Jesse Sundahl could not bring an unjust enrichment claim against State Farm, even though he lacks privity of contract with State Farm (Pl. Reconsideration Br. at 14). These arguments are unavailing. Plaintiffs identify no factual allegations or controlling authority to justify the Court reconsidering its well-reasoned determination that State Farm did not commit fraud by calling the medical examinations "independent." See March 2009 Order at 11-12). Nor have Plaintiffs identified any authority to suggest that New York recognizes a "tort" action for breach of the implied covenant of good faith and fair dealing, particularly when such a claim is wholly duplicative of Plaintiffs' contract claim. Id. at 22. Finally, although Plaintiffs correctly note that Jesse Sundahl lacked privity with State Farm, Plaintiffs ignore that – as they pled – Jesse was an "eligible insured person[]" under Gregory's policy. Compl. ¶ 42. Thus, he was a third party beneficiary of Gregory's contract with State Farm. See Brown v. Group Health Inc., 851 N.Y.S.2d 62 (Table), 2007 WL 2984005, at *4 (N.Y. Sup. Ct., N.Y. County 2007); Allstate Ins. Co. v. Sullam, 76 Misc. 2d 87, 104, 349 N.Y.S.2d 550, 567 (N.Y. Sup. Ct., Nassau County 1973). So his remedy, if any, lies in contract not unjust enrichment.

7

II. Plaintiffs' Motion for Leave to Amend

Plaintiffs have also moved to amend their Complaint. This motion is DENIED. It is well-settled that "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to FED. R. CIV. P. 59(e) or 60(b)." National Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991). Here, Plaintiffs did not seek leave to amend their Complaint until after the Court entered judgment. And, as discussed above, Plaintiffs have provided no reason for the Court to set aside or vacate its judgment.

## CONCLUSION

Plaintiffs' motion for reconsideration or, in the alternative, for leave to amend (Docket No. 36) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  28 , 2010
         Central Islip, New York

8